(No. 97-CV-3327—

*In re* APPLICATION OF BARBARA FREEMAN

*Opinion filed March 3, 2000.*
*Opinion filed May 10, 2000.*

BARBARA FREEMAN, *pro se.*

JIM E. RYAN, Attorney General (KIMBERLY M. PATE, Assistant Attorney General, of counsel), for Respondent.

OPINION

MITCHELL, J.

This cause is before the Court following a hearing. This Court denied Claimant's application for benefits under the Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*) on August 22, 1997, on the basis that the victim's injuries were substantially attributable to, or provoked by,

the victim's own wrongful actions as proscribed by section 6.1(d) of the Crime Victims Compensation Act. 740 ILCS 45/6.1(d).

Claimant filed a timely request for a hearing. A hearing was held before this Court on December 15, 1999.

At the hearing, the Claimant testified that her son was not involved in any type of gang activity. No one has been arrested for his murder. The Claimant believes that the victim was simply in the wrong place at the wrong time.

The office of the Attorney General introduced the police reports into evidence. The reports contain a statement from a witness to the shooting. This person stated that at 2:00 a.m., when the E. T. Lounge closed, everyone inside the bar went outside. Two factions of the Gangster Disciple street gang became engaged in a verbal altercation. Gunfire erupted and the victim was shot and killed. Approximately 50 people were present. The only evidence that the victim was a member of a street gang is the blanket statement in the police report that: "As of this report it appears all parties involved are Gangster Disciples."

The Court must decide this matter based solely on the evidence contained in the record. The evidence in this matter is that two rival factions of the Gangster Disciples street gang were taunting each other. Someone then fired randomly into the crowd killing the victim.

There has been no evidence introduced that the victim was a member of the Gangster Disciples. The police reports do not contain any statement that the victim was a gang member. Nor has any other evidence been presented to the Court. There has been no evidence introduced that the victim did anything to cause or provoke

the shooting. There is no evidence that the victim was involved in the verbal altercation.

It is hereby ordered that the August 22, 1997, order of this Court denying Claimant's application for benefits under the Crime Victims Compensation Act is reversed. This claim is referred to the Office of the Attorney General for calculation of an award and for preparation of an amended investigatory report within sixty (60) days of entry of this opinion.

## OPINION

PER CURIAM.

This claim arises out of an incident that occurred on March 27, 1997. Barbara Freeman, mother of the deceased victim, Tomas Keith Hughes, sought compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1, *et seq.* (1996).

The Claimant was denied compensation by order of the Court on August 22, 1997. This claim is now before the Court pursuant to a request by the Claimant to reconsider her claim for compensation funeral and burial expenses.

This Court has carefully reviewed its prior order in this cause, the Claimant's request to reconsider her claim for compensation and a supplemental investigatory report by the Attorney General's office. Based on all of the above, the Court finds:

1. That on August 22, 1997, the Court of Claims entered an order denying the Claimant compensation for funeral/burial expenses because the victim had engaged in contributory misconduct by inciting an altercation with rival street gang members.

2. That on September 18, 1997, the Claimant requested the Court to reconsider her claim for compensation. The Court granted the Claimant's request and assigned the claim to Commissioner Blanche Hill-Fawell on September 13, 1999.

3. That following a hearing conducted by Commissioner Blanche Hill Fawell, the Court entered an order on March 3, 2000, in which it ruled that the victim did not engage in contributory misconduct. The Court determined that there was no evidence that the victim was a street gang member, nor was there any evidence contained in the police report that the victim was involved in any kind of verbal altercation with rival street gang members prior to the incident. Further, the Court concluded that there is no evidence that the victim did anything to cause or provoke the shooting incident. The Court vacated its original order and referred the claim to the Attorney General's office for calculation of the award.

4. That the Claimant incurred funeral and burial expenses in the amount of $5,642, all of which have been paid. Pursuant to section 2(h) of the Crime Victims Compensation Act, funeral and burial expenses are compensable to a maximum amount of $3,000.

5. That the Claimant has received no reimbursements that can be counted as an applicable deduction under section 10.1(e) of the Crime Victims Compensation Act.

6. That the Claimant has complied with all pertinent provisions of the Act and is entitled to compensation thereunder.

It is hereby ordered that the sum of $3,000 (Three Thousand Dollars) be and is hereby awarded to Barbara Freeman, mother of Tomas Keith Hughes, an innocent victim of a violent crime.